**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CANDACE SLAGOWSKI, Guardian Ad Litem for QUENTIN SLAGOWSKI, a minor, ANIKA SLAGOWSKI, a minor, and ROWAN SLAGOWSKI,<br><br>        Plaintiff(s),<br><br>vs.<br><br>CENTRAL WASHINGTON ASPHALT, INC., *et al.*<br><br>        Defendant(s). | Case No. 2:11-cv-0142-RLH-LRL<br><br>**O R D E R** |

On January 27, 2011, this Court signed a Petition and Order (#4) appointing Candace Slagowski Guardian Ad Litem for her three minor children, in the above captioned case. The next day, the children's paternal grandmother, Patricia Dean, filed a Motion, characterized as a Petition (#5), to remove Candace Slagowski and have herself named as Guardian Ad Litem for her grandchildren. Thus, began a long and arduous fight between mother and paternal grandmother over both control of the children and control of this litigation.

In the grandmother's motion it was revealed that less than a week earlier, the grandmother obtained an ex parte order from an Idaho judge making her the temporary guardian of the children.[1] This fact, together with the grandmother's claim that the mother is unfit and only after the money, is, and has been the basis for the multitude of documents filed herein.

---

[1] The children, their mother and grandmother are all residents of Idaho.

1

While the grandmother was attempting to obtain control of this litigation, the mother filed her opposition to the temporary guardianship given to the grandmother, in Idaho. This Court held a preliminary hearing here, but elected to await a determination of the evidentiary hearings on the guardianship issue, scheduled by the Idaho Court. The following documents have been filed herein, together with a multitude of memoranda, affidavits and declarations.

The Mother (Candace Slagowski) filed a Response (#9) to the Grandmother's (Patricia Dean) Motion/Petition, followed by an Amended Response (#15). On February 11, 2011, this Court held a hearing, previously set to follow the hearing in Idaho set for February 8, 2011. The Idaho hearing did not conclude on February 8th and was continued until April. A telephonic status conference was also held on March 18, 2011, wherein it was learned that the Idaho hearing had still not concluded. Accordingly, this Court stayed these proceedings pending a decision by the Idaho court, and ordered supplemental briefing following the conclusion of the Idaho hearing.

On April 1, 2011, Patricia Dean filed her Supplemental Brief (#20), with Exhibits (#21, 23, 24 and 25), and Candace Slagowski filed her Supplemental Brief (#22).

On April 8, 2011, Candace Slagowski filed her Response (#26) to Patricia Dean's Supplemental Brief, and Patricia Dean filed her Response (#27) to Candace Slagowski's Supplemental Brief.

The parties have also provided to chambers (and not filed with this Court's Clerk) copies of the District Court of the Fifth Judicial District of the State of Idaho's Order Dismissing Ex-Parte Order of Guardianship and Denying Motion for Temporary Guardianship, filed May 4, 2011, and Amended Order Dismissing Ex-Parte Order of Guardianship and Denying Motion for Temporary Guardianship, filed May 12, 2011.

Patricia Dean's Motion/Petition to Remove Candace Slagowski as Guardian Ad Litem herein and to appoint Dean as the Guardian Ad Litem (#5) will be denied for the reasons stated below.

////

////

DISCUSSION

The Idaho District Court, after hearing the evidence, including the testimony of each expert called by the opposing parties, dismissed the Ex-Parte Order of Guardianship obtained by Patricia Dean without notice to Candace Slagowski.  Furthermore, it denied the motion for temporary guardianship by Dean.  Instead, it gave the mother, Candace Slagowski, sole custody of the three children, with only visitation rights to the grandmother.  The Idaho District Court's Order and Amended Order eliminate any significant bases for Dean's Motion/Petition in this Court.

This Court finds that Patricia Dean has misrepresented the findings of her own expert, in addition to repeatedly, but erroneously, referring to her expert as "Doctor" when he does not have a doctor's degree of any kind.

Patricia Dean has made statements regarding Candace Slagowski's past, ability as a mother, and relationship with her children, which are without credible bases and which are demonstrably untrue.  She has likewise accused Candace Slagowski of being more interested in control of the money from the lawsuit than in the welfare of her children.  This Court finds the opposite to be true.  That is, Candace Slagowski's prime concern is for her children and their welfare, while Patricia Dean's actions strongly suggest that her motivation is primarily pecuniary.

Furthermore, this Court finds Patricia Dean's relationship with her partner, Mr. Chapman, as unhealthy for minor children.  She is 66.  He is 37.  Their "relationship" has existed for 15 years; it began when Mr. Chapman was 22.  Mr. Chapman admittedly used marijuana in November 2010.  He cannot say that he will not use it again, although he is "considering giving it up."  He and Patricia Dean were both previously convicted of growing marijuana (a felony).  He only allegedly received a pardon in January of this year.  He has never been a parent.  They are not married and, therefore, have only emotional, not legal ties.

This Court finds that it is Dean's counsel, and not Candace Slagowski's counsel, who faces a conflict of interest among the claimants in this lawsuit, any waiver of conflict notwithstanding.  Candace Slagowski's counsel is the counsel chosen by her husband, their father, the decedent, to

represent one of the children in another personal injury lawsuit.

There have been offers and suggestions for a joint guardian ad litem, or an independent guardian ad litem who would answer to one or the other of the parties as guardian. The issue of guardian has been resolved by the Idaho Court and is accepted by this Court.

This Court rejects Patricia Dean's request and refuses to appoint her as Guardian Ad Litem in this case, in any capacity. It is denying herein Dean's Motion to Remove Candace Slagowski as the Guardian Ad Litem. There have been concerns raised that it may be inconvenient for Candace Slagowski to serve as Guardian Ad Litem here because she lives in Idaho, or, because of the hostility that is apparently harbored by her mother-in-law. Slagowski's counsel has offered to consider having an independent Guardian Ad Litem to serve as a co-guardian ad litem, or to serve in her stead, to avoid further accusations. Because that is an issue that is not before this Court for decision, and, because this Court believes that is a personal decision best left in the hands of the Guardian Ad Litem presently approved by this Court, and who has custody of the children, *i.e.*, Candace Slagowski, the Court will do no more than encourage Ms. Slagowski to give it the careful consideration she feels it deserves.

IT IS THEREFORE ORDERED that Patricia Dean's Motion, characterized as a Petition (#5), to remove Candace Slagowski and have herself named as Guardian Ad Litem, is DENIED.

IT IS FURTHER ORDERED Patricia Dean request to be the Guardian Ad Litem herein is DENIED.

IT IS FURTHER ORDERED that until she otherwise decides, Candace Slagowski remains the Guardian Ad Litem for her three minor children named in this action.

Dated: May 31, 2011.

_____
Roger L. Hunt
United States District Judge