**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CANDACE SLAGOWSKI, *et al.*,

    Plaintiffs,

vs.

CENTRAL WASHINGTON ASPHALT, *et al.*,

    Defendants.

Case No. 2:11–cv–142–APG–VCF

**REPORT & RECOMMENDATION**

This matter involves the Slagowski family's wrongful death action and the Law family's consolidated personal injury action. Before the court is Candace Slagowskis' emergency motion to amend the court's case management order to permit her to amend her complaint (#273). Several nonoppositions were filed. (*See* Docs. #274, #275, #276, #277, #279). Central Washington Asphalt filed an opposition (#290). The Slagowskis' replied (#296); and three joinders to the reply were filed. (*See* Docs. #297, #298, #301). For the reasons stated below, the Slagowskis' motion should be denied.

**BACKGROUND**

On December 12, 2010, Defendants James Wentland, Jerry Goldsmith, and Donald Hannon were driving trucks owned by Defendant Central Washington Asphalt. They were headed southbound on Nevada State Route 318. Route 318 is a two-lane road. It was six o'clock at night and dark.

Wentland and Goldsmith were driving in one truck, followed by Hannon in a second truck. Wentland pulled into the oncoming traffic lane, and passed four vehicles. Now, four more were in front of him, including a third truck driven by Third-Party Defendant Chip Fenton.

Having safely returned to the southbound lane, Wentland got on his citizens band ("CB") radio and told Hannon, who was driving behind him, that it was still safe to pass Fenton.

It was not. A GMC Envoy, driven by Third-Party Defendant Mitchell Zemke, was headed northbound. Fenton saw Zemke's approaching and told Hannon that it was not safe to pass. Hannon, nevertheless, relied on Wentland's advice, pulled into the oncoming traffic lane, and accelerated directly towards Zemke.

Zemke's wife, Kathryn, looked up from her phone and yelled at her husband because there were headlights in the northbound lane. It was Hannon. Zemke swerved right, drove into the dirt, temporarily lost control, overcorrected, and collided with three cars as he pulled back onto the road. Five people were injured, including Doreen and Phillip Law, and one person—Jon Slagowski—died.

Fenton radioed Wentland, Goldsmith, and Hannon. He told them what had happened, and asked them to stop. In response, someone replied, "I'm in trouble."

Wentland, Goldsmith, and Hannon did not stop. They drove on for another forty miles until the Nevada Highway Patrol pulled them over, at which point they denied having any knowledge of the accident.

On June 9, 2011, the Slagowski family filed suit against Central Washington Asphalt, Wentland, Hannon, and Goldsmith. (*See* Compl. (#30 at 2).

On May 17, 2012, Central Washington Asphalt, Wentland, Hannon, and Goldsmith answered and filed an action, as third-party plaintiffs, against Doreen Law, Mitchell Zemke, Chip Fenton, and Fenton Trucking, LLC. (*See* Third Party Compl. (#44 at 1).

On August 8, 2012, Zemke answered the third-party complaint and counterclaimed against Central Washington Asphalt, Wentland, Hannon, and Goldsmith. (Answer (#53) at 5).

On August 13, 2012, Doreen and Phillip Law filed a separate action against Central Washington Asphalt, Wentland, Hannon, and Goldsmith. *See Doreen Law, et al. v. Central Washington Asphalt, Inc.*

2

*et al.*, No. 12–cv–1435, Compl. (#1) at 2, (D. Nev. Aug. 13, 2012). In the separate action, Central Washington Asphalt counterclaimed against the Laws. (Counterclaim #12).

On November 27, 2012, the court consolidated both actions. *See Doreen Law, et al. v. Central Washington Asphalt, Inc. et al.*, No. 12–cv–1435, Min. Order (#15) (D. Nev. Nov. 27, 2012); *see also Slagowski et al. v. Central Washington Asphalt, Inc. et al.*, No. 12–cv–1475, Min. Order (#67) (D. Nev. Nov. 27, 2012).

Now, the Slagowskis move to amend the court's case management order to permit her to amend her complaint (#273). The Slagowskis' proposed amendment adds an aiding and abetting cause of action against Central Washington Asphalt under the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 392.3. The Slagowskis argue that the Central Washington Asphalt drivers disregarded the regulations limiting the amount of time that a driver may operate a commercial motor vehicle. (*See* Pl.'s Mot. to Amend (#273) at 6:3–7). This, the Slagowskis contend, resulted in driver fatigue, which contributed to the underlying accident. If the court permits the proposed amendment, the Slagowskis' motion also seeks to add a new plaintiff: Patricia Dean, the personal representative of the Estate of Jon Slagowski.

**DISCUSSION**

The Slagowskis' motion to amend ultimately presents one[1] question: whether the Motor Carrier Act, 49 U.S.C. §§ 31101, *et seq.*, and the Federal Motor Carrier Safety Regulations promulgated thereunder, creates a private right of action for personal injury. Before addressing this question, the court reviews the law governing amended pleadings.

---

[1] The Slagowskis' motion raises other legal questions (i.e., whether good cause exists to amend the scheduling order, whether the proposed amendment relates back to the filing of the original complaint, and whether a new party may be joined in the new claim, in the event that the court permits the Slagowskis to assert a claim under the Federal Motor Carrier Act). However, these questions are all based on a faulty assumption: that the Federal Motor Carrier Act creates a private right of action for personal injury. Accordingly, this report and recommendation does not reach these issues.

3

**I.      Legal Standard**

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* FED. R. CIV. P 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In the Ninth Circuit, courts deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

With regard to futility, the legal standard governing Rule 15 motions is akin to the legal standard governing motions to dismiss under Rule 12(b)(6). *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1061 (9th Cir. 2003) (citing *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988)). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim upon which relief can be granted," which is also "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**II.      The Slagowskis' Motion to Amend Should be Denied**

The Slagowskis' motion to amend should be denied because amendment would be futile. The Slagowskis' proposed amended complaint seeks to add a cause of action against Central Washington Asphalt for aiding and abetting violations of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 392.3. However, neither the Motor Carrier Act, 49 U.S.C. §§ 31101, *et seq.*, nor the Federal Motor Carrier Safety Regulations promulgated thereunder create a private right of action.

4

Several courts have considered this question. In 2001, the District of Vermont held that the Motor Carrier Act created a private right of action in *Marrier v. New Penn Motor Express, Inc*., 140 F. Supp. 2d 326 (D. Vt. 2001). However, every other court to consider the question reached the opposition conclusion. For instance, in *Stewart v. Mitchell Transport*, 241 F. Supp. 2d 1216 (D. Kan. 2002), and *Schramm v. Foster*, 341 F. Supp. 2d 536 (D. Md. 2004), the District Courts of Kansas and Maryland rejected *Marrier* and concluded that the statute does not create a private right of action for personal injury. Both opinions concluded that, even though subsection (a)(2) implies a right of action for any person under any circumstances, the statute as a whole is clearly limited to commercial damages. In addition, the legislative history establishes that Congress was interested only in enabling private entities to assume the Interstate Commerce Commission's role to enforce the commercial aspects of the Motor Carrier Act.

Other federal District Courts reached the same conclusion. *See, e.g*., *Lipscomb v. Zurich Am. Ins. Co*., No. 11–cv–2555, 2012 WL 1902595, at *3 (E.D. La. May 25, 2012) ("The majority of courts do not agree with the decision in *Marrier* and instead find that only a commercial cause of action exists, not a private cause of action."); *Ware v. Transp. Drivers, Inc*., No. 12–cv–830–SLR, 2014 WL 1153265, at *2 (D. Del. Mar. 18, 2014) ("To the extent that plaintiff asserts a private cause of action under Federal Motor Carrier Safety Regulations or the Federal Motor Carrier Safety Act, the claims fail."); *Kavulak v. Laimis Juodzevicius, A.V. Inc*., No. 09–cv–333S, 2014 WL 173905, at *4 (W.D.N.Y. Jan. 13, 2014) (citing *Crosby v. Landstar*, No. 04–cv–1535–SLR, 2005 WL 1459484, *2 (D. Del. June 21, 2005)).

Additionally, the Supreme Court of Oklahoma also determined that no private right of action exists for personal injury under the Motor Carrier Act. *See Craft v. Graebel-Oklahoma Movers, Inc*., 178 P.3d 170, 177 (Okal. 2007).

The Slagowskis' reply brief does not contest this issue. Rather, the Slagowskis's reply contends that this issue "is erroneous" because Nevada law "provides a separate cause of action under the aiding and abetting theory," which is an "independent tort." (*See* Pl.'s Reply (#296) at 3:8–10). In support, the Slagowskis cite three authorities: (1) *Dow Chemical Co. v. Mahlum*, 114 Nev. 1468, 1490, 970 P.2d 98, 112 (1998); (2) *Halberstam v. Welch*, 705 F.2d 472, 477–78 (D.C. Cir. 1983); and (3) the RESTATEMENT (SECOND) OF TORTS. (*See* Pl.'s Reply (#296) at 3:6–7, 19).

These authorities demonstrate that aiding and abetting is not an independent tort. In *Dow Chemical*, the court stated that the first element for aiding and abetting is an independent tort: whether "Dow Corning committed fraudulent misrepresentation that injured Mahlum." *Dow Chemical Co.*, 114 Nev. at 1490, 970 P.2d at 112. Similarly, in *Halberstam*, the Court of Appeals for the District of Columbia stated that the first element for aiding and abetting is an independent tort: "[a]iding-abetting includes the following elements: (1) the party whom the defendant aids must perform a wrongful act that causes an injury." *Halberstam*, 705 F.2d at 477–78. The court clarified the meaning of wrongful conduct, stating: "Advice or encouragement to act operates as a moral support to a tortfeasor and if the act encouraged is known to be tortious it has the same effect upon the liability of the adviser as participation or physical assistance." *Id*. (citation omitted).

Similarly, the RESTATEMENT (SECOND) OF TORTS does not support the Slagowskis' position. Section 876 provides that "one is subject to liability" for aiding and abetting if one "does a tortious act in concert with the other" or "knows that the other's conduct constitutes a breach of duty" or "gives substantial assistance to the other in accomplishing a tortious result." *See* RESTATEMENT (SECOND) OF TORTS § 876 (1979). In support, the RESTATEMENT quotes *German Free State of Bavaria v. Toyobo Co., Ltd*., 480 F. Supp. 2d 958, 965 (W.D. Mich. 2007) and states" "the requisite element for aiding-and-abetting liability of an independent wrong was lacking, and thus the aiding-and-abetting claim also

failed as a matter of law." *See also* RESTATEMENT (SECOND) OF TORTS § 876 (1979) (citing *In re Sovereign Partners*, 179 B.R. 656, 662 (D. Nev. 1995) *aff'd* 110 F.3d 70 (9th Cir. 1997) (holding that defendant was not liable for assisting in other defendant's breach of fiduciary duty since it was unaware of the alleged breach and debtor showed no causal connection between corporation's conduct and damage suffered).[2]

Therefore, the court finds that the Slagowskis' motion to amend fails as a matter of law because permitting amendment would be futile. *Leadsinger*, 512 F.3d at 532.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that the Slagowskis' motion to amend (#273) be DENIED.

IT IS SO RECOMMENDED.

DATED this 22nd day of July, 2014.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] The court understands that Plaintiff's Counsel has a duty to zealously represent his clients. However, the Slagowski's reply brief blatantly misrepresents existing law in violation of Rule 11(b) and this court's ethical rules of conduct.

7