UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CANDACE SLAGOWSKI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL WASHINGTON ASPHALT, INC., *et al.*, <br><br> Defendants. | Case No. 2:11-CV-00142-APG-VCF <br><br> **ORDER** <br><br> (Dkt. ## 143, 151, 153) |

  This case arises out of a multi-vehicle accident on a Nevada two-lane highway which resulted in the death of Michael Slagowski and injuries to others. Third Party Defendants Mitchell Zemke, Doreen Law, Chip Fenton, and Fenton Trucking, LLC request that I grant summary judgment in their favor on Third Party Plaintiffs' comparative negligence and indemnity claims against them. Third Party Defendants contend there is no evidence they were negligent or that any negligence on their part caused or contributed to causing the accident. Rather, they contend all evidence shows Third Party Plaintiffs Central Washington Asphalt, Inc., Donald Hannon, James Wentland, and Jerry Goldsmith caused the accident. I deny these motions without prejudice pending further discovery.

  Under Federal Rule of Civil Procedure 56(d) if, in response to a summary judgment motion, "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer consideration of the motion or deny it, allow the parties time to complete additional discovery, or grant other appropriate relief. The party requesting additional time to conduct discovery to oppose summary judgment must present an affidavit stating the specific facts it hopes to elicit from further discovery, that the facts exist, and that the facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). If the nonmovant

does not satisfy these requirements, the court may rule on summary judgment without granting additional discovery. *Id.*

Third Party Plaintiffs have presented affidavits indicating that further discovery is needed to respond to the motions regarding the parties' comparative negligence. [Dkt. ##156-10, 157-1, 167-2.] Third Party Defendants filed the motions after the initial depositions of Hannon and Wentland—who asserted their Fifth Amendment rights to many questions posed to them—but before these witnesses were re-deposed as contemplated by Magistrate Judge Ferenbach's July 2, 2013 Order. [Dkt. #124 at 23, 38.] The importance of the testimony of the individuals accused of causing the accident is plain. These witnesses should be able to provide information regarding the relative locations, speeds, and conduct of the various drivers on the night in question, and their version of the events may assist in expert analysis of who caused the accident. I therefore deny without prejudice Third Party Defendants' motions for summary judgment so additional discovery may be conducted.

IT IS THEREFORE ORDERED that Third Party Defendant Mitchell Zemke's Motion for Summary Judgment on Comparative Liability [Doc. #143] is hereby DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Third Party Defendant Doreen Law's Motion for Summary Judgment [Doc. #151] is hereby DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Third Party Defendants Chip Fenton and Fenton Trucking, LLC's Joinders to Third Party Defendant Mitchell Zemke's Motion for Summary Judgment and Third Party Defendant Doreen Law's Motion for Summary Judgment (Doc. #153) is hereby DENIED WITHOUT PREJUDICE.

DATED this 18th day of September, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE