UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CANDACE SLAGOWSKI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL WASHINGTON ASPHALT, INC., *et al.*, <br><br> Defendants. | Case No. 2:11-CV-00142-APG-VCF <br><br> **ORDER** <br><br> (Doc. ##161, 273, 302, 306, 318) |

This case arises out of a December 12, 2010 multi-vehicle accident on a Nevada two-lane highway which resulted in the death of Jon Michael Slagowski and injury to others. Defendants Central Washington Asphalt, Inc., Donald Hannon, James Wentland, and Jerry Goldsmith request that I grant judgment on the pleadings in their favor on the claims for punitive damages, medical expenses, and funeral expenses asserted by Plaintiffs Quentin Slagowski, Anika Slagowski, and Rowan Slagowski. Defendants assert that because none of the Plaintiffs is the personal representative of Jon Michael Slagowski's estate, Plaintiffs have no standing under Nevada's wrongful death statute to seek these types of damages. Plaintiffs respond that Defendants waived any challenge to their capacity to sue. Alternatively, Plaintiffs request leave to amend the Complaint to add the estate's personal representative as a party. I conclude the proper course is to allow the personal representative of the decedent's estate to join the action as the real party in interest to pursue medical and funeral expenses and punitive damages. I therefore deny Defendants' motion to dismiss.

Plaintiffs separately move to amend to add a new claim of aiding and abetting. Magistrate Judge Ferenbach recommended I deny the motion to amend because there is no private right of action under the Motor Carrier Act ("MCA") or the Federal Motor Carrier Safety Regulations ("FMCSR") promulgated thereunder, and consequently amendment to add an aiding and abetting claim based on violations of the MCA and FMCSR would be futile. Plaintiffs object to

Magistrate Judge Ferenbach's recommendation, arguing they are not seeking to assert a claim under the MCA or the FMCSR. Rather, they referred to those statutes only as the standard of care for their claim that Defendants negligently and recklessly encouraged driving while fatigued, which will be shown in part by the fact that Defendants violated the FMCSR's requirements on how many hours a day a driver may work and drive. Magistrate Judge Ferenbach's decision was correct given how the matter was argued to him; but given Plaintiffs' clarification of their proposed new claim in their objection, I grant Plaintiffs leave to amend to add a claim for aiding and abetting negligent fatigued driving.

### I. Motion for Judgment on the Pleadings - Punitive and Special Damages

Because the "common law afforded no remedy in damages for a wrongful death," Nevada's wrongful death statute (Nev. Rev. Stat. § 41.085(2)) "provides the only measure of damages, and designates the only person who can maintain such an action." *Wells, Inc., v. Shoemake*, 177 P.2d 451, 456 (Nev. 1947). Under that statute, both the decedent's heirs and the personal representative of the decedent's estate may maintain actions against the person who caused the death, "with neither being able to pursue the other's separate claim." *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 914 (Nev. 2014); Nev. Rev. Stat. § 41.085(2). To avoid double recovery, the statute sets forth which damages the heirs may recover and which damages the personal representative may recover. *Alsenz v. Clark Cnty. Sch. Dist.*, 864 P.2d 285, 286-87 (Nev. 1993); Nev. Rev. Stat. §§ 41.085(4), (5). Only the estate's personal representative may recover the decedent's medical and funeral expenses, and "[a]ny penalties, including, but not limited to, exemplary or punitive damages that the decedent would have recovered if the decedent had lived." *Id.* § 41.085(5).

In their Complaint, Plaintiffs request punitive damages and medical and funeral expenses incurred in relation to Jon Michael Slagowski's death. [Dkt. #30 at 6, 8.] Plaintiffs do not allege in the Complaint that they are the personal representatives of Jon Michael Slagowski's estate. In response to Defendants' motion, Plaintiffs concede that non-party Patricia Dean is the estate's personal representative. Plaintiffs nevertheless argue that Defendants waived any challenge to

their capacity to assert these claims by not raising the issue in Defendants' Answer. Alternatively, Plaintiffs request I grant leave to amend the Complaint to add Dean as the real party in interest because Defendants waited to raise this issue until after the expirations of both the statute of limitations and the deadline to add parties, and Defendants should not be rewarded for failing to raise the issue earlier when any defects could have been cured.

Defendants respond that because Plaintiffs sought these damages in their own names rather than in a representative capacity, Defendants' challenge is aimed at Plaintiffs' standing, not capacity or status as the real party in interest. Defendants argue that standing is a jurisdictional issue that cannot be waived. Alternatively, Defendants argue that because the Complaint did not adequately allege Plaintiffs were suing in a representative capacity, I should permit Defendants to amend their Answer to add the defense of lack of capacity. Defendants also contend amendment to add Dean as a party is not warranted, either through Federal Rule of Civil Procedure 17's real party in interest provision or as a Rule 15 amendment. Defendants assert that Plaintiffs have known from the outset that they were not the estate's representative, and the estate representative chose not to pursue a wrongful death claim on the estate's behalf. Defendants contend that the statute of limitations and the deadline to amend have long since expired for a claim that Plaintiffs and Dean have known about since the inception of this case, and amendment therefore is inappropriate.

### A. Article III Standing

Although Defendants styled their motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), to the extent Defendants contend Plaintiffs lack jurisdictional standing, then Defendants' motion is one to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When resolving

a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*

To establish standing in the Article III constitutional sense, the plaintiff first "must show that it has suffered 'an injury in fact,' i.e., 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Ass'n of Public Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 950 (9th Cir. 2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Second, the plaintiff must show that the injury is "fairly traceable" to the defendant's challenged conduct. *Id.* at 953 (quotation omitted). Finally, the plaintiff must show the injury is redressable by a favorable court decision. *Id.* at 954.

Defendants make both facial and factual attacks on Plaintiffs' standing by arguing the Complaint did not set forth sufficient facts to allege standing, and by attaching to their motion evidence that Dean is the estate representative. Plaintiffs have established the minimum constitutional standing to overcome Defendants' facial challenge. The Complaint alleges Defendants negligently caused the car accident that resulted in Plaintiffs' father's death, and Plaintiffs seek damages in redress. Taking the Complaint and all reasonable inferences therefrom as true, it is reasonable to infer Plaintiffs also are pursuing a representative claim by seeking to recover medical expenses, funeral expenses, and punitive damages. The Complaint cites to the Nevada wrongful death statute and specifically itemizes these categories of damages, which are available only to the estate's representative. [Dkt. #30 at 6, 8.]

As for Defendants' factual attack, Plaintiffs present evidence that Jon Michael Slagowski died intestate, and Plaintiffs, as his minor children, are beneficiaries of the estate. [Dkt. #184 at 1-2.] To the extent the estate is depleted by medical or funeral expenses, or is entitled to recover punitive damages, Plaintiffs' interests in the estate are impacted. Injuries are redressable through court-ordered compensation to the estate, which ultimately will inure to Plaintiffs' benefit. Plaintiffs therefore have a sufficient stake in the controversy to meet the minimum constitutional

standing for medical and funeral expenses and punitive damages arising out of Defendants' alleged negligence in causing Plaintiffs' father's death.

### B. Prudential Standing

Prudential standing requires a plaintiff to assert his or her own legal interests as the real party in interest. *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)); *see also* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Unlike Article III standing, prudential standing is not a matter of the Court's jurisdiction, and may be waived. *City of L.A. v. Cnty. of Kern*, 581 F.3d 841, 846 (9th Cir. 2009).

Pursuant to Rule 9(a), a pleading need not allege a party's authority to sue in a representative capacity "[e]xcept when required to show that the court has jurisdiction." If an opposing party intends to raise the issue of capacity or authority to sue, it must do so "by a specific denial." Fed. R. Civ. P. 9(a)(2). The specific denial "must be made in the responsive pleading or by motion before pleading." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) (quotation omitted). An objection that the plaintiff is not the real party in interest likewise is waivable if not raised in "a timely manner." *United States for Use & Benefit of Reed v. Callahan*, 884 F.2d 1180, 1183 n.4 (9th Cir. 1989).

Defendants waived their objection that Plaintiffs are not the real party in interest or do not have authority to sue on the estate's behalf by failing to raise these issues earlier. From the inception of this case, Plaintiffs' Complaint requested damages available only to the estate's representative. Defendants' Answer did not specifically deny that Plaintiffs lacked the capacity or authority to sue on the estate's behalf, or that Plaintiffs were not the real parties in interest with respect to the requests for medical and funeral expenses and punitive damages. Defendants also did not thereafter raise the issues in a timely manner. Rather, Defendants waited until after the statute of limitations and the deadline to amend expired.

Defendants request I grant them leave to amend their Answer to raise the issues now because it was not clear from the Complaint that Plaintiffs were asserting a representative claim.

However, as discussed above, it is reasonable to infer from the Complaint's allegations that Plaintiffs were asserting a representative claim. Defendants could have raised the issue of Plaintiffs' authority to seek these damages earlier, but were not diligent in doing so. Defendants therefore have not met Rule 16's good cause standard for amending the Scheduling Order. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

Even if Defendants could show good cause to amend the Scheduling Order, I would exercise my discretion to deny leave to amend under Rule 15. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). I consider five factors in deciding whether to grant leave to amend under Rule 15(a): "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Delay alone does not suffice to deny amendment, but it is a relevant factor to consider, particularly where the party moving to amend provides no explanation for the delay. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Defendants have not previously moved to amend their Answer, and I do not find bad faith. However, Defendants unduly delayed filing their motion and they have provided no explanation for why they waited so long to move for judgment on the pleadings. Defendants filed their Answer in July 2011. [Dkt. #32.] Even considering the third party practice in this case and the consolidated cases, the pleadings closed on November 5, 2012, when Third Party Defendant Doreen Law filed her Answer to Defendants' counterclaim in one of the consolidated actions. [Dkt. #13 in 2:12-CV-01435-APG-VCF.] Yet Defendants did not file their motion until November 2013, after the statute of limitations ran and shortly after the deadline to amend to add parties expired. [Dkt. #127 (setting October 1, 2013 deadline to amend to add parties).] Allowing Defendants to raise the issue now would prejudice Plaintiffs and the estate, who easily could have cured any deficiencies in clarifying the appropriate party to pursue the medical and funeral expenses and punitive damages under Rules 15 and 17 had Defendants made a timely objection.

Additionally, amendment of Defendants' Answer would be futile, because under Rule 17(a), the estate is substituted in as the real party in interest for the pursuit of medical and funeral expenses and punitive damages. Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." If the real party in interest ratifies, joins, or substitutes in, "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Rule 17(a) applies when the wrong party filed suit because determining the proper party was difficult or because "an understandable mistake has been made." *United States for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989) (citing 1966 Advisory Comm. Notes). The Court should consider equitable principles when applying Rule 17(a). *See id.* at 1075 ("Rule 17(a) is the codification of the salutary principle that an action should not be forfeited because of an honest mistake; it is not a provision to be distorted by parties to circumvent the limitations period."); Fed. R. Civ. P 17, 1966 Advisory Comm. Notes (stating the substitution provision was added "in the interests of justice" and to "insure against forfeiture and injustice").

Following Defendants' objection to Plaintiffs' status, Dean filed a declaration indicating that in her capacity as the estate representative, she authorizes the current action, agrees the estate will be bound by its result, and agrees to substitute in as a plaintiff in this action. It is questionable whether it was difficult to determine who the proper party was or that an understandable mistake was made regarding the identity of the proper party in this case. But Plaintiffs are closely aligned with the estate because they are the estate's only beneficiaries, and thus practically speaking, any benefit to the estate will inure to Plaintiffs. In the interests of justice and to avoid a forfeiture, I will allow Dean, as the personal representative of the estate of Jon Michael Slagowski, to join and be substituted as the real party in interest for the pursuit of damages permitted under Nev.Rev.Stat. § 41.085(5), including medical expenses, funeral expenses, and punitive damages. *See Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 712 (9th Cir. 1992).

Considering the equities, joinder and substitution is appropriate. Plaintiffs and the estate would be severely prejudiced because the statute of limitations on the estate's claim has run and the deadline to amend to add parties in this case also has expired. On the other hand, the prejudice to Defendants is minimal. Defendants have known about the request for medical and funeral expenses and punitive damages since the outset and have defended this action for over two years without challenging Plaintiffs' status. To the extent Defendants could be prejudiced, Defendants contributed to the situation by failing to raise the issue earlier in the case. Had Defendants done so, the result would have been the same as now. Defendants have not identified any additional discovery they would need to take or any other prejudice they might suffer by the estate's joinder and substitution. Given Rule 17's policy preference of avoiding forfeitures and the general policy favoring resolving cases on the merits,[1] I deny Defendants' motion for judgment on the pleadings. I allow Plaintiffs to amend the Complaint to join and substitute Dean as the personal representative of Jon Michael Slagowski's estate as the real party in interest seeking medical expenses, funeral expenses, and punitive damages arising out of Defendants' alleged negligence. Under Rule 17(a)(3), this action will proceed as if those claims had been originally commenced by the estate's representative.

**II. Motion to Amend, Report and Recommendation, and Objections**

Plaintiffs separately move to amend their Complaint to add a new claim of aiding and abetting.[2] [Doc. #273.] Magistrate Judge Ferenbach recommended I deny the motion to amend because there is no private right of action under the MCA and FMCSR, and consequently amendment to add a claim for aiding and abetting a violation of the Act or its regulations would be futile. [Doc. #302.] Plaintiffs object to Magistrate Judge Ferenbach's recommendation, arguing they are not seeking to assert a claim under the MCA or the FMCSR. Rather, the seek to assert a claim that Defendants negligently and recklessly encouraged driving while fatigued,

---

[1] See, e.g., *Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

[2] In their motion to amend, Plaintiffs also seek to add the estate's personal representative as a party. Because I am granting that relief as discussed above, this portion of Plaintiffs' motion to amend is moot.

which will be shown in part by the fact that Defendants violated the FMCSR's requirements on how many hours a day a driver may work and drive; they referred to the MCA and FMCSR only as a standard of care.

Defendants respond that I should not consider Plaintiffs' newly-fashioned claim, and even if considered, the new claim at heart still rests upon a violation of the MCA and regulations because there is no other evidence that Hannon or Wentland were fatigued at the time of the accident.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine:

> any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

When reviewing an objection to a magistrate judge's order under § 636(b)(1)(A), the objecting party must show the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Under § 636(b)(1)(B), a magistrate judge may submit to the district judge proposed findings of fact and recommendations for the resolution of any motion excepted in subparagraph (A). The district court reviews the magistrate judge's recommendations de novo. 28 U.S.C. § 636(b)(1).

A motion to amend a complaint falls within a magistrate judge authority to hear and determine under § 636(b)(1)(A). However, where amendment is denied as futile, the ruling is akin to a motion dismiss for failure to state a claim. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A motion to dismiss for failure to state a claim is one of the excepted motions under § 636(b)(1)(A) and thus falls under § 636(b)(1)(B). Out of an abundance of caution, I will review Magistrate Judge Ferenbach's July 22 Order de novo under § 636(b)(1)(B). I have discretion to consider new evidence presented for the first time in an objection to the magistrate judge's recommendation. *Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002).

1    Magistrate Judge Ferenbach's decision was correct given how the matter was presented to
2 him. Plaintiffs' motion specifically requested leave to amend "to assert a new cause of action
3 against Defendant [Central Washington Asphalt, Inc.] and its drivers for aiding and abetting each
4 other to violate the FMCSR regulations." [Dkt. #273 at 7.] The proposed amended complaint
5 likewise alleged that Defendants "aided, abetted, and encouraged each other in violating 49 CFR
6 392.3 and 49 CFR 395.3, and 49 CFR 395.8." [Dkt. #237-6 at 6.] Plaintiffs' reply also focused
7 on Defendants allegedly colluding to violate the FMCSR rules regarding hours of service and
8 maintaining proper log books. [Dkt. #296 at 6-7.]

9    Virtually all courts that have examined this issue have concluded there is no private right
10 of action for personal injuries arising from a violation of the MCA or its safety regulations. *See,*
11 *e.g.*, *Courtney v. Ivanov*, --- F. Supp. 2d. ----, 2014 WL 4097351, at *3-6 (W.D. Pa. 2014)
12 (collecting cases). I agree with these courts that, because Congress provided an express cause of
13 action for commercial disputes but did not provide an express cause of action for personal injuries
14 arising out of a violation of the Act, Congress did not intend to provide a private right of action
15 for personal injuries. *See, e.g.*, *id.* Rather, negligence actions for personal injuries would remain a
16 matter for resolution under applicable state law.

17    Plaintiffs clarify in their Objections that they are not seeking to add a claim that
18 Defendants aided and abetted violations of the MCA or FMCSR. Instead, Plaintiffs assert
19 Defendants were negligent by assisting and encouraging each other to drive commercial motor
20 vehicles in a fatigued state. Plaintiffs contend any reference to the MCA and FMCSR will be to
21 establish a standard of care, not as an independent claim. Although this is a new argument raised
22 for the first time in Plaintiffs' objections, I exercise my discretion to consider it because Plaintiffs
23 should not forfeit a potentially meritorious claim due to their inartful presentation of the issue to
24 the Magistrate Judge.

25    Considering the usual factors in evaluating whether to allow amendment, there is no
26 evidence of bad faith, and Plaintiffs have not previously amended their Complaint. Plaintiffs also
27 have not unduly delayed. Plaintiffs apparently did not discover the basis for their motion until the
28

depositions of Goldman, Wentland, and Hannon in May 2014, and Plaintiffs moved to amend approximately two months later. Defendants have not identified any prejudice.

Defendants contend amendment would be futile because even with Plaintiffs' clarification in their Objections, the alleged underlying tort remains a violation of the FMCSR. Defendants also argue Plaintiffs present no facts showing Hannon, Wentland, or Goldsmith were actually fatigued on the night in question.

To state an aiding and abetting claim, Plaintiffs must allege Defendants "substantially assist[ed] or encourage[d] another's conduct in breaching a duty to a third person." *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). Plaintiffs must allege: (1) that Defendants negligently injured Jon Michael Slagowski; (2) that Defendants were aware of their role in promoting the negligent behavior at the time they provided assistance; and (3) that Defendants knowingly and substantially assisted the negligent behavior. *Id.*

Plaintiffs have clarified that their aiding and abetting claim does not depend on a violation of the FMCSR. Rather, Plaintiffs intend to use the FMCSR as a standard of care. A reasonable jury could find driving while tired is negligent behavior regardless of whether the FMCSR set forth regulations on how many hours commercial drivers should be permitted to work and drive in a single day. *Anderson v. Baltrusaitis*, 944 P.2d 797, 800 (Nev. 1997) (stating that whether a party is negligent generally is a question of fact for the jury unless "different minds can reasonably arrive at but one result" (quotation omitted)). Additionally, state and federal safety regulations may provide evidence that a driver acted negligently. *See, e.g., Drummond v. Mid-West Growers Co-op. Corp.*, 542 P.2d 198, 201-03 (Nev. 1975) (discussing truck driver's violation of state and federal laws regarding placing flares behind his stopped vehicle as evidence of negligence); *Wang v. Marziani*, 885 F. Supp. 74, 79 (S.D.N.Y. 1995) (holding that "a reasonable jury could conclude that logging more than seventy hours during an eight-day period, falsifying the duty log and failing to secure all cargo, all in violation of Department of Transportation safety regulations . . . constitute reckless indifference to the rights of others"

1  (quotation and internal citations omitted)); *Greist v. Phillips*, 906 P.2d 789, 793 (Or. 1995)
2  (holding that a reasonable jury could find a driver working more than 70 hours in 8 consecutive
3  days in violation of federal standards substantially contributed to an accident).  With Plaintiffs'
4  clarification, their proposed negligence claim is not, at heart, a claim for aiding and abetting
5  violations of the MCA or FMCSR.

6      Additionally, the proposed amended complaint alleges Defendants negligently caused the
7  accident that resulted in Jon Michael Slagowski's death. [Dkt. #273-6 at 4-5.]  As evidence of
8  negligence, Plaintiffs allege not only that Hannon executed a negligently dangerous maneuver
9  after Wentland told him it was safe to proceed, but also that at the time of the accident,
10 Defendants violated the federal safety regulations regarding the maximum number of hours to
11 work in a day. [*Id.* at 4-7.]  A reasonable inference from this allegation is that Defendants drove a
12 long time on the day of the accident, and they were tired as a result.  The proposed amended
13 complaint also alleges Defendants were aware of their role in promoting the negligent behavior at
14 the time they provided assistance.  Defendants knew they were governed by safety regulations
15 limiting the hours they could drive but had a practice of violating those provisions and their
16 employer ratified this conduct. [*Id.*]  A reasonable inference from these allegations is that the
17 individual Defendants had a habit of driving for long periods of time, potentially resulting in
18 fatigue, and their employer had a practice of encouraging this negligent behavior.  Finally, the
19 proposed amended complaint alleges Defendants knowingly and substantially assisted the
20 negligent behavior because they knew of this conduct but continued to engage in and ratify the
21 practice.  Defendants' other arguments relate to whether Plaintiffs will be able to prove their
22 claim, but those are issues more suitably resolved at summary judgment.

23     Because Plaintiffs' proposed amended complaint as clarified states a claim, I will grant
24 Plaintiffs leave to amend to add an aiding and abetting claim.  Plaintiffs shall file and serve the
25 proposed amended complaint, pursuant to Local Rule 15-1(b).
26 / / / /
27 / / / /
28

### III. Conclusion

IT IS THEREFORE ORDERED that Defendants' Rule 12(c) Motion to Dismiss the Punitive and Special Damages Claims (Doc. #161) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Emergency Motion to Amend the FRCP Rule 16 Case Management Conference Order to Allow Plaintiffs to Amend Their Complaint (Doc. #273) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Objection (Doc. #306) to the Magistrate Judge's Report and Recommendation (Doc. #302) is hereby SUSTAINED as more fully explained in this Order.

IT IS FURTHER ORDERED that Plaintiffs shall file and serve their amended complaint immediately.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Reply (Doc. #318) is hereby DENIED.

DATED this 30th day of September, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE