**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WILLIAM TERRELL, *et al.*, | |
| Plaintiffs, | 2:11–cv–00142–APG–VCF |
| vs. | **<u>ORDER</u>** |
| CENTRAL WASHINGTON ASPHALT, *et al.*, | |
| Defendants. | |

Before the court is Defendant Central Washington Asphalt's Emergency Motion to Compel (#367). Terrell filed an opposition (#369). On November 17, 2014, the court held a hearing. For the reasons stated below, Central Washington's Motion to Compel (#367) is denied.

**BACKGROUND**

This discovery dispute presents one question: when should Kevin Kirkendall be deposed? Kirkendall is Defendants' rebuttal economics expert. He was retained to rebut Plaintiffs' economics expert, Robert Johnson.

Originally, Johnson was scheduled to be deposed on September 24, 2014; and Kirkendall was scheduled to be deposed on October 7, 2014. But, a scheduling conflict arose. Plaintiffs decided to reschedule Johnson's deposition for November 18, 2014, after Kirkendall's October 7, 2014 deposition.

Defendants objected. On October 3, 2014, Defendants filed an emergency motion. Defendants asked the court to vacate Kirkendall's October 7, 2014 deposition. The reason: Kirkendall was retained to rebut Johnson; therefore, Johnson should logically go first. Plaintiffs disagreed. Logic aside, they argued that it would be unfair for Johnson to go before Kirkendall. The reason: Plaintiffs have already produced three experts for depositions, but Defendants have produced none.

1

On October 10, 2014, the court held a hearing. The parties were ordered to file a stipulation that listed dates for their various experts' depositions. They complied and filed a stipulation that provided, in pertinent part, the following schedule:

    November 12, 2014: Kopernik's Deposition (i.e., Defendants' Liability Expert)
    November 13, 2014: Dillich's Deposition (i.e., Defendants' Liability Expert)
    November 18, 2014: Johnson's Deposition (i.e., Plaintiff's Economics Expert)

The parties still could not agree when Kirkendall should be deposed. They left it to the court's discretion.

On October 16, 2014, the court entered a scheduling order. It provided for two deposition schedules to address the parties' various concerns. The court first stated that if "CWA Defendants' experts Dilich and Kopernik go forward as scheduled above, CWA Defendants' rebuttal expert, Kevin Kirkendall, will be deposed on November 21, 2014." This language rendered the following schedule:

    November 12, 2014: Kopernik's Deposition
    November 13, 2014: Dillich's Deposition
    November 18, 2014: Johnson's Deposition
    November 21, 2014: Kirkendall's Deposition

This schedule made sense for two reasons: (1) it addressed the fairness concern by requiring Defendants to produce two witnesses before Plaintiffs produce a fourth witness and (2) it required Plaintiff's initial expert (i.e., Johnson) to be deposed before Defendants' rebuttal expert (i.e., Kirkendall).

The court's order provided for an alternative schedule. The order stated that "[i]f the depositions of Mike Delich or Dror Kopernik do not go forward on or before November 13, 2014, then Kevin Kirkendall's deposition must be taken before Robert Johnson's deposition." This envisioned one the following thee possible chronologies for the four depositions at issue:

    November 12, 2014: Kopernik fails to appear
    November 13, 2014: Dillich is deposed
    To be Determined: Kirkendall's Deposition
    To be Determined: Johnson's Deposition

or

November 12, 2014: Kopernik is deposed
November 13, 2014: Dilich fails to appear
To be Determined: Kirkendall's Deposition
To be Determined: Johnson's Deposition

or

November 12, 2014: Kopernik fails to appear
November 13, 2014: Dilich fails to appear
To be Determined: Kirkendall's Deposition
To be Determined: Johnson's Deposition

This alternative schedule made sense for two reasons: (1) it addressed the fairness concern by requiring Defendants to produce two witnesses before Plaintiffs produce a fourth and (2) it provided Defendants with an incentive to produce two witnesses before Plaintiffs produced a fourth. That is, if neither Kopernik nor Dilich were deposed as scheduled, then Defendants would lose what they originally wanted: Johnson before Kirkendall.

On November 12, 2014, Kopernik failed to appear for health reasons. Defendants, then, filed the instant emergency motion. The reasons: (1) "Plaintiff's contend that because Kopernik is no longer being deposed, Johnson's deposition is now off calendar" and (2) Defendants move the court to modify its previous order to require Johnson to be deposed on November 18, 2014.

## DISCUSSION

Defendants' motion is denied. Defendants argue that the court should grant its requested relief because the court's prior order was designed to prevent "strategic" decisions that would be "punished." Here, Defendants argue, no punishment is warranted because Kopernik's health problems are not the result of strategy.

3

The court's prior order contained no language regarding motive, intent, punishment, or strategy. It simply said that if either Kopernik or Dilick's depositions do not occur, then Defendants do not get what they wanted: Johnson before Kirkendall. Kopernik failed to appear on November 12, 2014. The court's prior order accounted for this possibility. It stated that if this occurs, then Kirkendall goes before Johnson. Defendants' argument that Johnson should proceed before Kirkendall is incorrect. Kopernik's reason for failing to appear is irrelevant.

The parties' unilateral cancellation of deposition has become disruptive. Unilateral cancellations are no longer permitted absent a demonstration of "compelling reasons." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006) (discussing this standard in a different context). Failure to comply with this court order will result in sanctions. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("[A] district court has wide discretion in controlling discovery."). Further unnecessary disruption of the court's scheduling orders for other reasons may also result in sanctions.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Central Washington Asphalt's Emergency Motion to Compel (#367) is DENIED.

IT IS FURTHER ORDERED that the Parties must file a Stipulated Discovery Schedule by November 24, 2014, which details the status of the 38 depositions that have been scheduled.

IT IS SO ORDERED.

DATED this 17th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4