**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

WILLIAM TERRELL, *et al.*,

        Plaintiffs,

vs.

CENTRAL WASHINGTON ASPHALT, INC., *et al.*,

        Defendants.

Case No. 2:11–cv–142–APG–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

       This matter involves a consolidated personal-injury action arising from a multi-vehicular accident. Three motions are before the court: (1) Doreen and Phillip Law's Motion for Determination of Good Faith Settlement (#387); (2) Central Washington's Motion for a Stipulated Confidentiality and Protective Order (#405); and (3) Chip Fenton's Motion to Strike (#408). For the reasons stated below, it is recommended that the Laws' motion (#387) be granted and it is ordered that Central Washington's motion (#405) is approved and Fenton's motion (#408) is denied.

**DISCUSSION**

       The court begins with the Laws' Motion for Determination of Good Faith Settlement (#387). The court recommends granting the Laws' motion for two reasons.

       First, no party filed substantive oppositions or objections to the Laws' motion.[1] On February 3, 2015, the court heard oral argument on the motion. Following the first hearing, the court ordered the Laws to reduce their settlement to writing and serve copies on all parties by February 9, 2015. The parties were

---

[1] On January 5, 2015, Mitchell Zemke filed a limited opposition because the settlement agreement had not been reduced to writing. This prevented Zemke from substantively opposing the Laws' motion.

1

given until February 13, 2015, to file oppositions or objections. No substantive oppositions or objections were filed. On March 11, 2015, the court held a second hearing on the Laws' motion. Again, no substantive oppositions or objections were raised. This constitutes consent to the granting of the motion under Local Rule 7-2(d), which states that "[t]he failure of an opposing party to file point and authorities in response to any motion shall constitute a consent to the granting of the motion."

Second, the court's review of the Laws' moving papers and the parties' arguments demonstrate that the proposed settlement satisfies section 17.245's good-faith requirement. The court's finding is predicated on three of the *MGM* factors. With regard to the first factor, Central Washington proposes compensating Philip Law $1,500,000.00 and Doreen $160,000.00 for their injuries, medical bills, pain and suffering, and the disruption to their daily living. (Doc. #387 at 4:9–15). This amount, which is "the prime badge" for determining good faith, *see MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927, represents a fair and reasonable amount in light of the nature of their injuries and the litigation costs that settling will save. (*See id*. at 4:16–23).

With regard to the second factor, the proposed settlement amount appears fair and reasonable under Central Washington's insurance policy limit, *see MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927, which is eight million dollars. (Doc. #387 at 4:24).

Finally, the propose settlement agreement was apparently reached in good faith because collusion, fraud, and other tortious conduct aimed to injure the interests of non-settling defendants is absent. *MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927. The proposed settlement was reached after substantial discovery, negotiations regarding each party's likelihood of success at trial, and a seven-hour mediation, which was conducted by retried District Court Judge David Wall. (Doc. #387 at 5:4–7). Therefore, the

court recommends that Doreen and Phillip Law's Motion for Determination of Good Faith Settlement (#387) be granted.[2]

The court now turns to Chip Fenton's Motion to Strike (#408). In the course of briefing the Laws' Motion for Determination of Good Faith Settlement, Zemke—who is not a party to the settlement agreement—disputed with Central Washington as to what, if any, impact the settlement agreement may have on Central Washington's right to assert a contribution claim against Zemke and other codefendants in the future. Central Washington contends that Zemke waived "any argument that the CWA Defendants cannot maintain their contribution or equitable indemnity claims" by failing to substantively oppose the Laws' Motion for Determination of Good Faith Settlement. (*See* Doc. #407 at 6–7). In response, Zemke filed the instant Motion to Strike (#408).

Zemke's Motion to Strike and Central Washington's request are denied. The issues they raised in their briefs and at oral argument are extraneous to those at issue in the Laws' Motion for Determination of Good Faith Settlement (#387): namely, whether the Laws' settlement with Central Washington was made in good faith. The issues that Zemke and Central Washington raise—(i.e, how settlement may affect the parties' rights in the future)—are speculative and not ripe for review.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Central Washington's Motion for a Stipulated Confidentiality and Protective Order (#405) is APPROVED

/// /// ///

/// /// ///

/// /// ///

---

[2] As discussed during the court's March 11, 2015, hearing, the two remaining *MGM* factors (i.e., the allocation of the settlement proceeds among plaintiffs and the financial condition of settling defendants) are not applicable to this case.

IT IS FURTHER ORDERED that Chip Fenton's Motion to Strike (#408) is DENIED.

IT IS RECOMMENDED that Doreen and Phillip Law's Motion for Determination of Good Faith Settlement (#387) be GRANTED.

DATED this 12th day of March, 2015.

                                              CAM FERENBACH
                                              UNITED STATES MAGISTRATE JUDGE