1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

WILLIAM TERRELL, Guardian Ad
Litem for QUENTIN SLAGOWSKI, a
minor; ANIKA SLAGOWSKI, a minor;
and ROWAN SLAGOWSKI,

              Plaintiffs,

    v.

CENTRAL WASHINGTON ASPHALT, INC.;
DONALD HANNON; JAMES WENTLAND;
and JERRY GOLDSMITH,

              Defendants.

_____

AND ALL RELATED MATTERS.

_____

Case No. 2:11-cv-00142-APG-VCF

**ORDER OVERRULING OBJECTION
TO MAGISTRATE JUDGE'S ORDER**

(DKT. #406)

      Defendants/third party plaintiffs Central Washington Asphalt, Inc., Donald Hannon,

James Wentland, and Jerry Goldsmith ("CW defendants") object to the Magistrate Judge

Ferenbach's February 4, 2015 order (Dkt. #400). That order denied the CW defendants' motion

requesting the court, under Federal Rule of Civil Procedure 26(b)(5)(B), to: (1) preclude the use

of a draft of defendant Hannon's answers to interrogatories that was inadvertently disclosed to

other parties, (2) strike the Slagowski plaintiffs' expert and other witness testimony that

referenced the draft answers, (3) compel destruction or return of the draft answers, and (4) impose

monetary sanctions on the Slagowski plaintiffs' counsel.

      I overrule the objections because the CW defendants did not meet their initial burden of

identifying the claimed privilege and the basis for it sufficient to trigger Rule 26(b)(5)(B)'s

clawback procedure. Additionally, the CW defendants told the other parties to let defense

counsel know if any of them objected to the claim of privilege so the CW defendants could file a

motion to resolve the issue. The Slagowski plaintiffs notified the CW defendants of their

objections and suggested the CW defendants file the motion, but the CW defendants did not do

1  so.  Even if the other parties violated Rule 26(b)(5)(B) by using the information before the

2  privilege issue was resolved, no sanction or other relief is warranted.  The CW defendants did not

3  seek court relief even though the other parties continued to use the draft answers at other

4  depositions.  Additionally, the draft answers are not privileged because the CW defendants

5  waived any privilege before the other parties used the draft answers at other depositions.  Under

6  these circumstances, I decline to strike the plaintiffs' expert who relied in part on the draft

7  answers, to strike any other witness testimony about the draft answers, to compel return of the

8  draft answers, or to award monetary sanctions.

9  **I. BACKGROUND**

10      On November 19, 2012, the CW defendants served the other parties with defendant

11  Hannon's answers to interrogatories (the "draft answers"). (Dkt. #398 at 4-24.)  The draft answers

12  were not marked as a draft and contained no notations or markings indicating they were not

13  Hannon's final answers.  Hannon signed the verification on November 12, 2012, averring under

14  penalty of perjury that he read the draft responses and that those responses were true. (*Id.* at 23.)

15  No defense counsel signed the draft answers. (*Id.* at 22.)

16      On March 27, 2013, the CW defendants' counsel, Ashlie Surur, mailed[1] to the other

17  lawyers a letter pursuant to Rule 26(b)(5)(B)'s clawback provision, claiming the November 2012

18  answers were "privileged," were inadvertently served, and should be returned or destroyed. (Dkt.

19  #406 at 27-28, 40.)  Surur did not specify which privilege was being asserted, but she stated that

20  the draft answers were not signed by her and were a draft. (*Id.*)  She stated that if the other parties

21  did not agree with the assertion of the privilege, "please advise so I can file the appropriate

22  motion with the court." (*Id.*)  The letter attached a new version of Hannon's answers to the

23  interrogatories that were signed by counsel and verified by Hannon. (Dkt. #406 at 29-40.)

24      That same day, the parties deposed Michael Simon. (Dkt. #377-2.)  The Slagowski

25  plaintiffs' counsel, Timothy Tietjen, questioned Simon about Hannon's draft answers. (*Id.* at 5-7.)

26

27      [1] The letter and new interrogatory answers were sent by U.S. mail. (Dkt. #406 at 27, 40.)
There is no evidence the letter was emailed to opposing counsel.

28

1  The CW defendants' counsel, Steven Jaffe, did not tell Tietjen about the letter asserting a

2  privilege, and he did not object to the questioning on the grounds that the document was

3  privileged. (*Id.*)  The next day, the parties deposed Guy Davis, and Tietjen likewise questioned

4  him about Hannon's draft answers. (Dkt. #377-3 at 5-9.)  Jaffe did not mention the letter, nor did

5  he object on privilege grounds. (*Id.*)  In fact, Jaffe questioned Davis about the draft answers. (*Id.*

6  at 10-12.)

7        On April 1, 2013, Tietjen responded to Surur's letter. (Dkt. #377-4.)  Tietjen stated that he

8  disputed the draft answers were inadvertently served or privileged. (*Id.* at 2.)  Tietjen noted that

9  four months had passed since the draft answers were served and that the draft answers were used

10 in two depositions without objection. (*Id.*)  Tietjen stated that if Surur disagreed, he "respectfully

11 suggest[ed she] file a motion with the court." (*Id.*)

12       In August 2013, the parties deposed Hannon. (Dkt. #406 at 42.)  Tietjen presented Hannon

13 with the draft answers. (*Id.* at 43.)  Surur objected on the grounds that the document was subject

14 to the clawback provision in Rule 26(b)(5)(B). (*Id.*)  Tietjen responded that this issue had "been a

15 subject of conversation over which we've disagreed, and we've invited counsel to file a motion if

16 they so desired and no motion has been filed on that." (*Id.*)  Surur responded: "That's true." (*Id.*)

17 She stated that in the letter she asserted the attorney-client privilege and cited to Rule

18 26(b)(5)(B)'s clawback procedure. (*Id.*)  Tietjen then posed questions to Hannon about the draft

19 answers, and Surur again objected on the ground of attorney-client privilege and the clawback

20 letter. (*Id.* at 44-45.)  Third party defendant Chip Fenton's attorney also asked questions about the

21 draft answers, and Surur objected. (*Id.* at 46-50.)

22       On June 16, 2014, the parties deposed the plaintiffs' trucking expert, Lewis Grill. (Dkt.

23 #406 at 52.)  During that deposition, Grill referred to Hannon's differing interrogatory answers.

24 (*Id.* at 53.)  Jaffe asked Grill whether he had seen that Hannon withdrew the draft answers, and

25 Grill responded that "maybe, in a legal sense, you withdraw something, fine, but if you're asking

26 me . . . what I read, I read that it's [Hannon] who says it." (*Id.* at 54.)

27

28

1    On November 13, 2014, the parties deposed the CW defendants' expert, Michael Dilich.

2    (Dkt. #406 at 62-63.)  Tietjen questioned Dilich on the draft answers. (*Id.* at 64.)  Jaffe objected

3    on the ground that the draft answers were "withdrawn and supplemented." (*Id.* at 64-66.)

4    The next day, the CW defendants filed a motion to preclude the use of the draft answers,

5    to strike the plaintiffs' expert, to strike other witness testimony about the draft answers, to compel

6    return or destruction of the draft answers, and for sanctions. (Dkt. #370.)  Magistrate Judge

7    Ferenbach denied the motion for three reasons. (Dkt. #400.)  First, he found the CW defendants

8    did not meet their burden of establishing the draft answers were subject to the attorney-client

9    privilege. (*Id.* at 14.)  Second, he ruled the CW defendants did not comply with Rule

10   26(b)(5)(B)'s clawback procedure because they allowed opposing counsel to question two

11   witnesses about Hannon's draft answers without objecting or asserting the privilege. (*Id.*)  He

12   thus concluded the CW defendants "failed to take reasonable steps to prevent further disclosure or

13   promptly take reasonable steps to rectify the error, as Rule 26(b)(5)(B) requires." (*Id.*)  Finally, he

14   concluded the CW defendants waived any privilege because they waited an unreasonable amount

15   of time to enforce the privilege and they allowed the draft answers to be used repeatedly at

16   various depositions and in expert reports. (*Id.* at 15.)

17   The CW defendants filed objections to the magistrate judge's order, arguing it is clearly

18   erroneous or contrary to law because Rule 26(b)(5)(B) requires that once a party asserts a

19   privilege, the other parties must comply with the clawback procedure even if the document

20   ultimately is found not to be privileged.  The CW defendants thus argue it is irrelevant whether

21   the draft responses are actually privileged.  For similar reasons, the CW defendants also argue it

22   is irrelevant whether they waived the privilege.  According to the CW defendants, the burden was

23   on the other parties to file a motion to resolve the privilege issue, and those parties could not use

24   the draft answers in the meantime.  The CW defendants also contend that, in any event, the draft

25   answers are privileged attorney work product.

26   The CW defendants next contend the magistrate judge erred by requiring them to do more

27   than Rule 26(b)(5)(B) requires because he found they failed to take reasonable steps to prevent

28

1  further disclosure or to rectify the inadvertent disclosure.  According to the CW defendants, Rule

2  26(b)(5)(B) does not contain these requirements.

3       Finally, the CW defendants argue I should sanction the Slagowski plaintiffs' counsel for

4  failing to comply with Rule 26(b)(5)(B).  They argue he continued to use the draft answers at

5  depositions even though the Rule requires that upon being notified of the claim of privilege, the

6  plaintiffs had to either (1) return or destroy the documents or (2) move for a judicial

7  determination of the privilege question.

8       Third party defendant Mitchell Zemke and the Slagowski plaintiffs separately respond by

9  arguing that the draft answers are not privileged, the CW defendants did not object when the draft

10  answers were used at depositions and thus any privilege was waived, and the CW defendants

11  further waived any privilege by waiting so long to file the present motion.  According to Zemke

12  and the Slagowski plaintiffs, Surur's letter stated the CW defendants would file a motion to

13  resolve the privilege issue if any other party disputed whether the draft responses were privileged

14  but they did not do so.  Zemke and the Slagowski plaintiffs thus contend the objections should be

15  overruled and sanctions are not warranted.  Additionally, the Slagowski plaintiffs argue the

16  requested sanctions are excessive.

17  **II.  ANALYSIS**

18       Magistrate judges statutorily are authorized to resolve "pretrial matter[s]," such as

19  discovery disputes, subject to review by district judges under a clearly erroneous or contrary to

20  law standard. 28 U.S.C. § 636(b)(1)(A); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240 (9th

21  Cir. 1991).  A factual finding is clearly erroneous when the reviewing court is left with the

22  "definite and firm conviction that a mistake has been committed." *Lewis v. Ayers*, 681 F.3d 992,

23  998 (9th Cir. 2012) (quotation omitted).  Under the contrary to law standard, I review questions of

24  law de novo. *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (citing *Kulas v. Flores*,

25  255 F.3d 780, 783 (9th Cir. 2001)).  The district judge "may accept, reject, or modify, in whole or

26  in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

27

28

1    Rule 26(b)(5)(B) sets forth procedures for parties to follow when one party asserts it

2    disclosed privileged material.  The Rule provides:

3       If information produced in discovery is subject to a claim of privilege or of
        protection as trial-preparation material, the party making the claim may notify any
4       party that received the information of the claim and the basis for it.  After being
        notified, a party must promptly return, sequester, or destroy the specified
5       information and any copies it has; must not use or disclose the information until
        the claim is resolved; must take reasonable steps to retrieve the information if the
6       party disclosed it before being notified; and may promptly present the information
        to the court under seal for a determination of the claim.  The producing party must
7       preserve the information until the claim is resolved.

8    The Rule places an initial burden on the party that produced the information to notify the

9    receiving parties of the claim of privilege and the basis for that claim.  "The notice should be as

10   specific as possible in identifying the information and stating the basis for the claim." Fed. R.

11   Civ. P. 26(b)(5)(B) & Advisory Committee Notes (2006 Amend.).  "Because the receiving party

12   must decide whether to challenge the claim and . . . submit it to the court for a ruling on whether

13   the claimed privilege or protection applies and whether it has been waived, the notice should be

14   sufficiently detailed so as to enable the receiving party and the court to understand the basis for

15   the claim and to determine whether waiver has occurred." *Id.*

16   Once the producing party provides adequate notice of a claim of privilege, the Rule

17   switches the burden to the other parties to: (1) return, sequester, or destroy the information; (2)

18   not use it until the claim of privilege is resolved; and (3) "decide whether to challenge the claim."

19   Fed. R. Civ. P. 26(b)(5)(B) & Advisory Committee Notes (2006 Amend.); *see also Lawrence v.*

20   *Dependable Med. Transp. Servs., L.L.C.*, No. 2:13-cv-0417-HRH, 2014 WL 2510628, at *2 (D.

21   Ariz. June 4, 2014); *Woodard v. Victory Records, Inc.*, No. 11 CV 7594, 2013 WL 4501455, at

22   *2-3 (N.D. Ill. Aug. 22, 2013) (slip copy).  Rule 26(b)(5)(B)'s requirements "are straight forward.

23   Once a party is notified that a claim of privilege is being made, the party must either return or

24   destroy the document or the party may turn the document over to the court for determination of

25   the claim." *Piasa Commercial Interiors, Inc. v. J.P. Murray Co.*, No. 07-617-DRH, 2010 WL

26   1241563, at *2 (S.D. Ill. March 23, 2010).

27

28

1       Rule 26(b)(5)(B) does not address whether the disclosed material is actually privileged or

2    whether any privilege was waived. *Woodard*, 2013 WL 4501455, at *3. Those are separate

3    questions determined under relevant case law and the Federal Rules of Evidence. *Woodard v.*

4    *Victory Records, Inc.*, No. 11 CV 7594, 2013 WL 5951768, at *2 (N.D. Ill. Nov. 7, 2013).

5    Instead, Rule 26(b)(5)(B) governs the parties' conduct until those questions are resolved.

6    *Lawrence*, 2014 WL 2510628, at *2. Consequently, the parties must comply with Rule

7    26(b)(5)(B) regardless of whether the information is privileged or the privilege was waived.

8    *Piasa*, 2010 WL 1241563, at *2 ("[N]othing in the rule requires that the information at issue

9    actually be privileged in order to comply with the rule."). The party who received the

10   information cannot make its own determination of these questions. Rather, "[i]f it disputes the

11   assertion of the privilege and the erroneous disclosure, it can invoke the decision making

12   authority of the court, but [it] cannot divine justice on its own." *Id.*

13      The CW defendants did not meet their initial burden of asserting the claim of privilege

14   and the basis for it as required by Rule 26(b)(5)(B). The March 27, 2013 letter states in

15   conclusory fashion only that the material was "privileged," without identifying which privilege

16   was at issue. The CW defendants contend the burden then shifted to the other parties to file a

17   motion, but the letter did not sufficiently enable the other parties to file a meaningful motion

18   because it did not identify which privilege or privileges were being asserted. The lack of

19   specificity is further demonstrated by the fact that the CW defendants have changed their position

20   on the matter. During the depositions, defense counsel objected on the basis of the attorney-client

21   privilege. Their motion before the magistrate judge asserted for the first time that the information

22   was attorney work product. Under these circumstances, the CW defendants did not properly

23   initiate Rule 26(b)(5)(B)'s clawback procedure with a sufficiently specific assertion of privilege.

24      Moreover, the CW defendants' counsel invited the other parties to express their

25   disagreement with the privilege claim. She indicated that if the other parties did so, she would

26   file a motion for the court to resolve the issue. The plaintiffs' counsel responded that he disputed

27   the draft answers were privileged and suggested the CW defendants file a motion. Having

28

represented that they would file a motion to resolve disputes over the claim of privilege, the CW defendant' position that the other parties violated Rule 26(b)(5)(B) by not filing a motion lacks merit.

Perhaps the more prudent route would have been for the other parties not to use the draft answers until there was a judicial determination of the privilege issue. But even if the other parties violated the Rule, sanctions are not warranted. The parties' exchange demonstrates that any violation of the Rule was not intentional or in bad faith because the CW defendants offered to file the motion if there was a dispute.

Additionally, it became apparent that the Slagowski plaintiffs were going to use the draft answers despite the assertion of the privilege when they deposed Hannon in August 2013. The CW defendants nevertheless did not move for relief following that deposition. Nor did they file a motion nearly a year later when the Slagowski plaintiffs used the draft answers again in deposing Grill in June 2014. Instead, the CW defendants waited to file a motion until after the Slagowski plaintiffs used the draft answers again in the November 2014 Dilich deposition. Although Rule 26(b)(5)(B) puts the burden on the receiving party to file a motion to resolve the privilege issue, the party asserting the privilege cannot sit on its rights for an unreasonable period of time and allow the continued use of the disputed information to go unchallenged. *Cf. Williams v. D.C.*, 806 F. Supp. 2d 44, 52-53 (D. D.C. 2011) (holding that providing a Rule 26(b)(5)(B) notice did not constitute "reasonable steps to rectify" the inadvertent disclosure of privileged material under Federal Rule of Evidence 502(b) where the other party did not return the requested information and the producing party waited over two and a half years to file a motion).

Finally, if the privilege issue had been timely brought to the court for resolution, the other parties would have prevailed because the CW defendants waived any privilege. Both the attorney-client and attorney work product privileges are subject to waiver. *See United States v. Nobles*, 422 U.S. 225, 239 (1975); *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012) (attorney-client); *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (attorney work product). The CW defendants allowed questioning about the draft answers at the Simon and

Davis depositions without any objection based on a privilege, even though the Rule 26(b)(5)(B) letter was mailed the day of the Simon deposition and the day before the Davis deposition.  The CW defendants' counsel also questioned Davis on the draft answers.  As a result, the CW defendants waived any privilege relating to the draft answers. *See In re Pacific Pictures Corp.*, 679 F.3d at 1126-27; *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010); *Nobles*, 455 U.S. at 239 n.14; Fed. R. Evid. 502(b) (stating that an inadvertent disclosure will not waive a privilege if the privilege holder "took reasonable steps to prevent disclosure" and "took reasonable steps to rectify the error").  The waiver occurred before any alleged improper use of the draft answers.  Consequently, the other parties would have been able to use the draft answers in the Hannon, Grill, and Dilich depositions had the privilege issue been promptly presented to the court.

In sum, the CW defendants did not trigger Rule 26(b)(5)(B)'s clawback procedure because they did not adequately notify the other parties of the claim of privilege and the basis for it.  Additionally, the CW defendants offered to file a motion if there was a dispute over the privilege.  The other parties therefore did not violate the Rule by not filing a motion prior to using the draft answers months later.  Given these circumstances, along with the defendants' delay in enforcing the Rule and the fact that the defendants waived any privilege before the alleged improper conduct, no sanctions are warranted even if the other parties violated the Rule.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that the CW defendants' objections (Dkt. #406) are OVERRULED and the Magistrate Judge's order is affirmed.

DATED this 20th day of July, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE