UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM TERRELL, Guardian Ad Litem for QUENTIN SLAGOWSKI, a minor; ANIKA SLAGOWSKI, a minor; and ROWAN SLAGOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL WASHINGTON ASPHALT, INC.; DONALD HANNON; JAMES WENTLAND; and JERRY GOLDSMITH,<br><br>Defendants.<br><br>AND ALL RELATED MATTERS. | Case No. 2:11-cv-00142-APG-VCF<br><br>**ORDER DENYING FENTON MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. #429) |

This lawsuit arises out of a serious car accident that resulted in injuries to multiple people and the death of Jon Michael Slagowski. Third party defendants Chip Edward Fenton and Fenton Trucking, LLC ( together, the "Fenton Defendants") move for summary judgment on the claims asserted against them by defendants/third party plaintiffs Central Washington Asphalt, Inc., Donald Hannon, James Wentland, and Jerry Goldsmith (together, the "CW Defendants"). The CW Defendants were sued for allegedly causing the accident. (Dkt. #329; Dkt. #330; Dkt. #331; Dkt. #332.) The CW Defendants assert third party claims for contribution and equitable indemnity against the Fenton Defendants based on their contention that Fenton caused or contributed to the accident.

I set out the basic background facts of the car accident in a prior order (Dkt. #445) and the parties are familiar with the facts, so I will not repeat them here except where necessary. I deny the Fenton Defendants' motion for summary judgment because issues of fact remain regarding the CW Defendants' contribution and equitable indemnity claims against them.

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Contribution**

The Fenton Defendants argue that viewing the facts in the light most favorable to the CW Defendants, Hannon was able to return safely to the southbound travel lane. The Fenton Defendants thus argue there is no issue of fact that Fenton's alleged conduct of refusing to let Hannon back into the southbound travel lane did not cause or contribute to the accident. The CW Defendants respond that issues of fact remain as to whether Fenton prevented Hannon from safely returning to the southbound lane and whether Fenton's conduct proximately caused the accident.

Genuine issues of fact remain regarding whether Fenton breached his duties and whether those breaches were a cause of the accident. Fenton owed duties to not increase his speed to prevent a passing vehicle from overtaking him. Nev. Rev. Stat. Ann. § 484B.207. He also owed a duty to leave a space of 500 feet between his truck and the flatbed truck in front of him "so that an overtaking vehicle may enter and occupy such space without danger." *Id.* at § 484B.127. According to Hannon, Fenton increased his speed to prevent Hannon from overtaking him and reduced the space between his truck and the flatbed in front of him to prevent Hannon from

returning to the southbound lane. (Dkt. #449-1 at 6-7; Dkt. #449-3 at 3-4, 6.) A reasonable jury could credit this testimony. As I stated in a prior Order, "[w]ith no physical evidence of the interaction between the [oncoming] vehicle and the Hannon truck, the jury will have to evaluate witness credibility to resolve fact questions about the relative speed, distance, and location of the various vehicles. The jury will then have to use those predicate factual determinations to resolve the issues of breach and causation." (Dkt. #445 at 8.) "With so many factual disputes about what happened that night, and viewing those disputes in the light most favorable to the CW defendants, a jury will have to determine which driver or drivers caused the accident." (*Id.* at 9.) I therefore deny the Fenton Defendants' motion for summary judgment on the contribution claim.

### B. Equitable Indemnity

The Fenton Defendants argue they are entitled to summary judgment on the CW Defendants' equitable indemnity claim because the CW Defendants committed independent wrongs and they have presented no evidence that the Fenton Defendants had a prior legal relationship with, or owed a duty to protect, them. The CW Defendants respond that issues of fact remain about who caused or contributed to the accident.

Equitable indemnity "allows a defendant to seek recovery from other potential tortfeasors" only when a defendant "who has committed no independent wrong, is held liable for the loss of a plaintiff caused by another party." *Pack v. LaTourette*, 277 P.3d 1246, 1248-49 (Nev. 2012) (quotation omitted). Equitable indemnity "is not usually available between joint tortfeasors." *Black & Decker (U.S.), Inc. v. Essex Grp., Inc.*, 775 P.2d 698, 699 (Nev. 1989). However, an exception to this rule exists where there is a "preexisting legal relation" between the joint tortfeasors, or the primary tortfeasor has "some duty . . . to protect the secondary tortfeasor." *Pack*, 277 P.3d at 1249 (quotation omitted); *Black & Decker*, 775 P.2d at 699-700 (holding an implied warranty of merchantability created a duty supporting an equitable indemnity claim). Even under this exception, if a party is "actively negligent," it "has no right to indemnity from other tortfeasors." *Pack*, 277 P.3d at 1249.

It has not yet been determined whether the CW Defendants and Fenton are joint tortfeasors or whether the CW Defendants committed an independent wrong because issues of fact remain as to who caused or contributed to the accident. (Dkt. #445); *see also Cent. Tel. Co. v. Fixtures Mfg. Corp.*, 738 P.2d 510, 512 (Nev. 1987) ("A trier of fact must decide if Central Telephone is negligent; Central Telephone cannot be a concurrent tortfeasor unless it is found to be negligent."). In their current motion, the Fenton Defendants have not established as a matter of law that the CW Defendants are joint tortfeasors or committed an independent wrong precluding indemnity. I therefore deny the Fenton Defendants' motion for summary judgment on the CW Defendants' equitable contribution claim.

### D. Conclusion

IT IS THEREFORE ORDERED that third party defendants Chip Fenton and Fenton Trucking, LLC's motion for summary judgment **(Dkt. #429) is DENIED**.

DATED this 4th day of March, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE