UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM TERRELL, Guardian Ad Litem for QUENTIN SLAGOWSKI, a minor; ANIKA SLAGOWSKI, a minor; and ROWAN SLAGOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL WASHINGTON ASPHALT, INC.; DONALD HANNON; JAMES WENTLAND; and JERRY GOLDSMITH,<br><br>Defendants.<br><br>AND ALL RELATED MATTERS. | Case No. 2:11-cv-00142-APG-VCF<br><br>**ORDER (1) GRANTING MOTION TO STRIKE, (2) DENYING MOTION FOR LEAVE TO FILE EXCESS PAGES, AND (3) DENYING ZEMKE MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. #428, #475, #477) |

This lawsuit arises out of a serious car accident. Plaintiff/third party defendant Mitchell Zemke, one of the drivers involved in the accident, moves for summary judgment on the claims asserted against him by defendants/third party plaintiffs Central Washington Asphalt, Inc., Donald Hannon, James Wentland, and Jerry Goldsmith (together, the "CW Defendants"). The CW Defendants were sued by Doreen and Phillip Law and others, who alleged the CW Defendants caused the accident in which the Laws were injured. (Dkt. #330.) Eventually, the CW Defendants entered into settlement agreements with the Laws. The CW Defendants assert third party claims for contribution and equitable indemnity against Zemke based on their contention that he caused or contributed to the accident. Zemke also moves for leave to exceed the page limit in his reply brief. The CW Defendants move to strike portions of Zemke's reply brief because they argue it raises new issues not addressed in the summary judgment motion.

I set out the basic background facts of the car accident in a prior order (Dkt. #445) and the parties are familiar with the facts, so I will not repeat them here except where necessary. I grant the motion to strike and I will not consider the new arguments Zemke raises for the first time in

his reply brief. I deny Zemke's motion for leave to exceed the page limit because the excess pages would not have been necessary if Zemke had not raised new issues in his reply brief. I deny Zemke's motion for summary judgment because issues of fact remain regarding the CW Defendants' contribution and equitable indemnity claims against him.

**I. MOTION TO STRIKE (Dkt. #477) AND MOTION TO EXCEED PAGE LIMIT (Dkt. #475)**

The CW Defendants move to strike Zemke's reply brief because they argue it exceeds the page limit and raises new issues. The CW Defendants request that I strike the new arguments raised in reply. Alternatively, they request leave to file a "sur-opposition" to Zemke's reply. Zemke does not oppose the request to file a sur-opposition.

In his reply brief, Zemke raises new arguments for the first time. He argues there are only two versions of the accident, both of which involve intentional conduct on the part of either Hannon or Fenton. He contends either version would relieve him of liability because the intentional conduct was a superseding cause that was unforeseeable to Zemke, and he requests judgment be entered in his favor on this basis.[1] Second, in his motion he argues that the CW Defendants cannot pursue him for contribution because their settlements with the Laws did not extinguish his liability, which is required in order for Zemke to have to contribute to paying that settlement under the relevant Nevada statute. In his reply, he argues for the first time that his liability had already been extinguished by operation of the statute of limitations (rather than by the settlements), and that the Laws did not intend to release Zemke through the settlement, as demonstrated by communication between his counsel and the Laws' counsel.

I decline to consider arguments raised for the first time in a reply brief. *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 979 F. Supp. 2d 1142, 1152-53 (D. Nev. 2013) (citing *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009)). Zemke's argument that

---

[1] Even if I considered this argument, I would reject it. Assuming Hannon and/or Fenton engaged in intentional conduct, Zemke still owed a duty to avoid an accident, if possible, even if other drivers wrongly failed to yield the right of way. For the reasons discussed in my prior Order, issues of fact remain on the question of whether Zemke violated a duty of care. (Dkt. #445.)

there are only two versions of the accident, either of which relieve him of liability, is not a fair response to the CW Defendants' opposition. Instead, it is a new argument which seeks judgment as a matter of law after the dispositive motion deadline expired. His argument that his liability was extinguished based on the statute of limitations rather than the settlement agreement also is a new argument that could and should have been raised in his motion. Finally, he could and should have presented in his original motion evidence about the Laws' counsel's prior communications about the parties' alleged intentions. While this last argument perhaps is a fair response to the CW Defendants' opposition, it would not change the result because the settlement agreements are unambiguous, as discussed below.

I therefore grant the CW Defendants' motion to strike and I will not consider the arguments raised for the first time in the reply brief. I deny Zemke's motion to exceed the page limit because he would not have needed the excess pages if he did not raise new issues.

## II. MOTION FOR SUMMARY JUDGMENT (Dkt. #428)

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

////

### A. Contribution

Zemke argues that he does not owe the CW Defendants contribution for the Laws' claims against them because there is no common law claim for contribution among joint tortfeasors. Zemke also argues the CW Defendants are not entitled to contribution under Nevada Revised Statutes § 17.225 because (1) the CW Defendants are intentional tortfeasors, (2) Zemke was not released by the settlement between the Laws and the CW Defendants, and (3) the CW Defendants released only their own liability in the settlement and thus did not pay more than their fair share.

The CW Defendants respond that the Laws' allegations in their complaint do not establish that the CW Defendants are intentional tortfeasors and Zemke did not establish that no genuine issue of fact remains on that question. As to Zemke's argument that § 17.225 was not satisfied, they argue that Zemke was released under the settlement agreements' plain language. The CW Defendants also argue that Zemke has not established that no genuine dispute remains that the CW Defendants paid only their fair share.

A contribution claim is created by statute. *The Doctors Co. v. Vincent*, 98 P.3d 681, 686 (Nev. 2004). Pursuant to Nevada Revised Statutes § 17.225(1), "where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them." Under Nevada's statutory provisions, "the remedy of contribution allows one tortfeasor to extinguish joint liabilities through payment to the injured party, and then seek partial reimbursement from a joint tortfeasor for sums paid in excess of the settling or discharging tortfeasor's equitable share of the common liability." *The Doctors Co.*, 98 P.3d at 690. The legislative intent behind the statutory scheme is "to promote and encourage settlements among joint defendants." *Otak Nev., L.L.C. v. Eight Jud. Dist. Ct.*, 312 P.3d 491, 498 (Nev. 2013) (en banc) (quotation omitted).

To recover on a contribution claim, a tortfeasor must show that he or she "has paid more than his or her equitable share of the common liability, and the tortfeasor's total recovery is limited to the amount paid by the tortfeasor in excess of his or her equitable share." Nev. Rev.

Stat. § 17.225(2). Whether the settling tortfeasor paid more than his or her fair share is a question of fact. *The Doctors Co.*, 98 P.3d at 690.

Additionally, the settling tortfeasor "is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what was reasonable." Nev. Rev. Stat. § 17.225(3). When one tortfeasor settles with the injured party and obtains a release, that release "does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide . . . ." *Id.* at § 17.245(1)(a); *The Doctors Co.*, 98 P.3d at 687 (holding that the settling tortfeasor's concession that its settlement did not extinguish a joint tortfeasor's liability was fatal to its contribution claim). Finally, "no right of contribution exists in favor of any tortfeasor who has intentionally caused or contributed to the injury sustained." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1051 (Nev. 2000) (en banc) (citing Nev. Rev. Stat. § 17.255).

### 1. Intentional Tortfeasor

Zemke first argues the CW Defendants are not entitled to contribution because they are intentional tortfeasors. Although the Laws alleged in their complaint that the CW Defendants engaged in intentional conduct, they also alleged the CW Defendants were negligent. (Dkt. #330.) No jury has found the CW Defendants engaged in intentional conduct and there is no evidence that the CW Defendants admitted to intentional conduct in settling with the Laws. (*See* Dkt. #467-5 (declaration from the Laws' counsel stating none of the settlement proceeds constituted payment for punitive damages); Dkt. #467-6 at 5 (settlement agreement stating the settling parties do not admit liability and they deny liability); Dkt. #467-7 at 5 (same).) I therefore deny Zemke's motion on this basis.

### 2. Extinguishing Zemke's Liability

Zemke argues his liability was not extinguished in the settlement between the Laws and the CW Defendants and therefore the CW Defendants did not perfect their right to contribution against him. The only evidence Zemke cites in support of this argument are the settlement

agreements which, he argues, do not mention him by name. (*See* Dkt. #428 at 5, 9.) He contends the boilerplate language in the settlement agreements does not suffice to release him. He also contends the Laws did not believe Zemke caused or contributed to the accident. (*Id.*)

The CW Defendants respond that the settlement agreements' plain language shows the Laws specifically and expressly released Zemke because the agreements release any third party defendant named in the lawsuit, which includes Zemke. They contend this language in the agreements is not boilerplate and refers specifically to Zemke. As to the Laws' belief about whether Zemke caused the accident, the CW Defendants argue that injured parties often release persons they do not necessarily believe caused or contributed to causing the accident, such as spouses or heirs. Finally, the CW Defendants present the declaration of the Laws' attorney as evidence of the Laws' intent.

Under Nevada law, a release obtained by one tortfeasor does not discharge other tortfeasors unless the release's terms provide otherwise. Nev. Rev. Stat. § 17.245. The injured party's intention to release a non-settling joint tortfeasor must be "manifest." *Russ v. Gen. Motors Corp.*, 906 P.2d 718, 721 (Nev. 1995). A release need not specifically name other tortfeasors to establish that the release extinguished the other tortfeasors' liability. *Id.* at 721-22. However, a boilerplate release discharges an unnamed tortfeasor only if the parties to the release intended that result. *Id.* at 721. Intent usually is a fact question for the jury. *Id.* at 722.

Zemke fails to meet his initial burden of showing he is entitled to judgment as a matter of law. In his motion, he presents no evidence of whether the Laws intended to extinguish his liability other than the agreements and the fact that the Laws blamed Hannon, not Zemke, for causing the accident. But the settlement agreements' unambiguous language reflects that the Laws did intend to extinguish Zemke's liability, whatever that liability may have been. In section 2.3 of the agreements, the Laws agreed "as a material part" of the settlement that the payment made by the CW Defendants "fully extinguishes the liability of each and every party, tortfeasor, joint tortfeasor, potential tortfeasor and third-party defendant that is named or that could have been named" in this lawsuit. (Dkt. #467-6 at 3; Dkt. #467-7 at 3.) Zemke is a named third-party

defendant in this lawsuit (and he was at the time the Laws signed the settlement agreements), so the agreements specifically referred to him even if not by name. Additionally, the Laws agreed that "nothing in this Agreement shall be construed to limit, preclude or extinguish any contribution or equitable indemnity claim that has been or may be pursued by the CW Parties in connection with" this lawsuit. (*Id.*) This was not "boilerplate" release language like that at issue in *Russ*. 906 P.2d at 719 (releasing the other driver in a car accident and his wife and "all other persons, firms, and corporations . . ."). Instead, the Laws' release language referred specifically to parties in the pending lawsuit by their capacities in the suit as opposed to by name. By the agreements' unambiguous language, the settling parties intended to extinguish Zemke's liability as a third party defendant and to preserve the CW Defendants' contribution claim against him. I therefore deny Zemke's motion on this basis.

### 3. Fair Share

Zemke argues that because the CW Defendants asserted comparative negligence and requested a finding of several liability as affirmative defenses in this action, the CW Defendants released only their own liability in the settlement and thus did not pay more than their fair share. The CW Defendants respond that pleading the affirmative defense of comparative negligence does not mean they have abandoned a contribution claim once they settle with the original plaintiff. The CW Defendants also argue Zemke presents no evidence that the CW Defendants paid only their fair share.

Zemke cites no authority for the proposition that where a defendant asserts the affirmative defense of comparative negligence and requests that several liability be determined, the defendant forfeits a contribution claim once that defendant settles with the injured party. Zemke's proposed result would undermine the Nevada Legislature's policy aim of promoting settlements among joint defendants. *Otak Nevada, L.L.C.*, 312 P.3d at 498. Because a trier of fact has not yet determined who caused or contributed to the accident, or the relative liability of any of the participants, Zemke has not met his initial burden of showing he is entitled to judgment as a

matter of law on the basis that the CW Defendants paid only their fair share. I therefore deny summary judgment on this basis.

### B. Equitable Indemnity

Zemke argues he is entitled to summary judgment on the CW Defendants' equitable indemnity claim because the CW Defendants committed independent wrongs and they have presented no evidence that Zemke had a prior legal relationship with, or owed a duty to protect, them. The CW Defendants respond that issues of fact remain about who caused or contributed to the accident.

Equitable indemnity "allows a defendant to seek recovery from other potential tortfeasors" only when a defendant "who has committed no independent wrong, is held liable for the loss of a plaintiff caused by another party." *Pack v. LaTourette*, 277 P.3d 1246, 1248-49 (Nev. 2012) (quotation omitted). Equitable indemnity "is not usually available between joint tortfeasors." *Black & Decker (U.S.), Inc. v. Essex Grp., Inc.*, 775 P.2d 698, 699 (Nev. 1989). However, an exception to this rule exists where there is a "preexisting legal relation" between the joint tortfeasors, or the primary tortfeasor has "some duty . . . to protect the secondary tortfeasor." *Pack*, 277 P.3d at 1249 (quotation omitted); *Black & Decker*, 775 P.2d at 699-700 (holding an implied warranty of merchantability created a duty supporting an equitable indemnity claim). Even under this exception, if a party is "actively negligent," it "has no right to indemnity from other tortfeasors." *Pack*, 277 P.3d at 1249.

It has not yet been determined whether the CW Defendants and Zemke are joint tortfeasors or whether the CW Defendants committed an independent wrong because issues of fact remain as to who caused the accident. (Dkt. #445); *see also Cent. Tel. Co. v. Fixtures Mfg. Corp.*, 738 P.2d 510, 512 (Nev. 1987) ("A trier of fact must decide if Central Telephone is negligent; Central Telephone cannot be a concurrent tortfeasor unless it is found to be negligent."). In his current motion, Zemke has not established as a matter of law that the CW Defendants are joint tortfeasors or that they committed an independent wrong precluding

indemnity. I therefore deny Zemke's motion for summary judgment on the CW Defendants' equitable contribution claim.

### C. Conflict of Interest

Finally, Zemke contends that the CW Defendants have an inherent conflict of interest in asserting contribution and equitable indemnity claims because the CW Defendants have denied they caused the accident but their contribution and indemnity claims require them to prove they contributed to the accident. The CW Defendants respond that Federal Rule of Civil Procedure 14 allows a defendant to bring a third party complaint for contribution without first admitting that it is liable to the plaintiff.

Parties are entitled to plead in the alternative. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Thus, the CW Defendants may simultaneously deny liability while also asserting claims for contribution or equitable indemnity in the event a jury reaches a different conclusion.[2] This is consistent with Nevada law, which "recognize[s] that a third-party plaintiff has the right to seek contribution in an original action prior to entry of judgment." *Pack*, 277 P.3d at 1249-50. Thus, the third party plaintiff need not await a finding of liability in the original action to assert a contribution claim.

Zemke also argues that Rule 14(a) is an improper means to plead a contribution or equitable indemnity claim, but the cases he cites do not support his position. *See, e.g., Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987) (offering both indemnity and contribution as examples of proper bases to support a third party complaint under Rule 14). These cases generally state that for impleader to be proper under Rule 14, the third party defendant's liability must be dependent on the outcome of the original claim and "the third party claim must attempt to pass on to the third party all or part of the liability of the defendant." *United States v. Bodenger*, No. CIV.A.03-272, 2003 WL

---

[2] Zemke also contends that the CW Defendants should be judicially estopped from taking inconsistent positions. However, Zemke has not shown that a court has accepted one of the CW Defendants' positions such that they should be estopped from asserting an inconsistent position. *See New Hampshire v. Maine*, 532 U.S. 742, 743 (2001).

22228517, at *4 (E.D. La. Sept. 25, 2003); *see also Watergate*, 117 F.R.D. at 578-79. As Zemke acknowledges, "he is only liable to Defendant CWA if CWA is found responsible for the accident." (Dkt. #428 at 13 (emphasis omitted).) Thus, the CW Defendants' claims against him are dependent on the outcome of the original claim between the Laws and the CW Defendants, and the CW Defendants' claims against Zemke seek to pass on to Zemke all or part of the CW Defendants' liability. The CW Defendants' contribution and indemnity claims therefore are properly brought under Rule 14 as third party claims.

### D. Conclusion

IT IS THEREFORE ORDERED that the CW Defendants' motion to strike or alternatively to file a sur-opposition **(Dkt. #477) is GRANTED in part as set forth above,** and I will not consider the new arguments raised for the first time in Zemke's reply brief. I will not strike the reply brief from the record, however, so that the record is preserved for appeal purposes.

IT IS FURTHER ORDERED that third party defendant Mitchell Zemke's motion for leave to file excess pages **(Dkt. #475) is DENIED** because excess pages were used to raise new issues.

IT IS FURTHER ORDERED that third party defendant Mitchell Zemke's motion for summary judgment **(Dkt. #428) is DENIED**.

DATED this 4th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE