**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WILLIAM TERRELL, Guardian Ad Litem for QUENTIN SLAGOWSKI, a minor, ANIKA SLAGOWSKI, a minor, and ROWAN SLAGOWSKI, a minor, the ESTATE OF JOHN MICHAEL SLAGOWSKI, by and through its personal representative, PATRICIA DEAN, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTRAL WASHINGTON ASPHALT, INC., DONALD HANNON, JAMES WENTLAND, JERRY GOLDSMITH, <br><br> Defendants. | Case No. 2:11-cv-00142-APG-VCF <br> Consolidated with: <br> Case no. 2:12-cv-01435-APG-VCF <br> Case no. 2:12-cv-01475-APG-VCF <br><br><br> **REPORT AND RECOMMENDATION** <br><br> [Unopposed Motion for Determination of Good Faith Settlement with Kathryn Zemke (ECF NO. 520)] |

Before the court is Central Washington Asphalt, Inc. and Donald Hannon's Unopposed Motion for Determination of Good Faith Settlement with Kathryn Zemke (ECF No. 520). The court held a hearing on August 8, 2016 and heard representations from the parties.

**Motion for Determination of Good Faith Settlement**

**A.   Relevant Facts**

This consolidated litigation arises out of a multi-vehicle collision that occurred on December 12, 2010. On December 12, 2010, Defendants James Wentland, Jerry Goldsmith, and Donald Hannon were driving trucks owned by Defendant Central Washington Asphalt, Inc. They were headed southbound on Nevada State Route 318, a two-lane road. Ms. Zemke alleges that on this date, Hannon, James Wentland and Jerry Goldsmith, employees of CWA, caused the accident which injured Zemke and several others. The CWA Defendants deny liability. Wentland and Goldsmith have been dismissed on summary judgment. (ECF No. 504). Ms. Zemke has now negotiated a settlement.

### 1. Relevant Law

Pursuant to Nevada Revised Statute §17.245, "[w]hen a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor."

The court in *The Doctors Co. v. Vincent*, stated that, as evidenced by the ruling in In re MGM Grand Hotel Fire Litigation, "the Nevada Federal District Court embrace[s] the following factors in evaluating good-faith issues under NRS 17.245: [1] [t]he amount paid in settlement, [2] the allocation of the settlement proceeds among plaintiffs, [3] the insurance policy limits of settling defendants, [4] the financial condition of settling defendants, and [5] the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *The Doctors Co. v. Vincent*, 120 Nev. 644, 651-52, 98 P.3d 681, 686 (2004)(quoting *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 927 (D.Nev.1983)). The court also stated that these factors are not exhaustive, and that the determination of good faith settlement "should be left to the discretion of the trial court based upon all relevant facts available..." *Id* at 652 (quoting *Velsicol Chemical v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991)).

### 2. Discussion

In considering the factors outlined above, the Court recommends granting CWA's Unopposed Motion for Determination of Good Faith Settlement with Kathryn Zemke (ECF No. 520).

No opposition has been filed. This constitutes consent to the granting of the motion under Local Rule 7-2(d), which states that "[t]he failure of an opposing party to file point and authorities in response to any motion shall constitute a consent to the granting of the motion."

The Court has reviewed the instant motion and finds that the proposed settlement satisfies section 17.245's good-faith requirement. The court's finding is predicated on three of the MGM factors. With regard to the first factor, Central Washington proposes compensating Ms. Zemke $400,000.00 for her injuries, medical bills, pain and suffering, and the disruption to her daily living. (ECF No. 520 at 3). This amount, which is "the prime badge" for determining good faith, *see MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927, represents a fair and reasonable amount in light of the nature of her injuries. *Id.* This proposed settlement amount will help avoid substantial future litigation costs that will be incurred in preparation for trial. *Id.*

With regard to the second factor, the proposed settlement amount appears fair and reasonable under Central Washington's insurance policy limit, *see MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927, which is nine million dollars. (ECF No. 520 at 3).

Finally, the propose settlement agreement was apparently reached in good faith because collusion, fraud, and other tortious conduct aimed to injure the interests of non-settling defendants is absent. *MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 927. The proposed settlement was reached after substantial discovery, including (1) the depositions of all of the parties, their experts, and relevant witnesses, (2) discussions as to each party's likelihood of success at trial, and (3) mediation in December 2014. (ECF NO. 520).

Based on the foregoing and all of the relevant facts surrounding the settlement, the undersigned finds that the settlement was reached in good faith.

Accordingly, and for good cause shown,

IT IS THE RECOMMENDATION of the undersigned United States Magistrate Judge that the District Judge GRANT Central Washington Asphalt, Inc. and Donald Hannon's Unopposed Motion for

///

///

///

Determination of Good Faith Settlement with Kathryn Zemke (ECF No. 520).

DATED this 8th day of August, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE